OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the application for a stay of arbitration should be denied.
Section 21 of the memorandum of agreement between the parties provides expressly that an alleged violation of any of the agreement’s provisions (with one exception not relevant here) is subject to the grievance-arbitration procedure, and a grievance is defined for such purposes "as a complaint limited to the application or interpretation by the Port Authority of any provision of the Memorandum of Agreement * * * which application or interpretation is alleged to constitute a violation of the said Memorandum of Agreement or any provision thereof’. PAI 20-1.10, which is incorporated into the memorandum of agreement by section 26 thereof and which delineates the disciplinary procedure to be employed, states unequivocally that "[n]o disciplinary action shall be taken against any permanent classified employee except for good and sufficient cause or reason”.
The essence of the grievance here is not only that Officer Manente was not guilty of the improprieties charged, but, also, that even if he were guilty, his actions "do not constitute sufficient grounds for discipline”. Inasmuch as this grievance involves , a claimed violation of the substantive provision incorporated in the memorandum of agreement — transgression of the standard "good and sufficient cause or reason” — and the arbitrator is empowered to resolve grievances involving the application or interpretation of the collective bargaining agreement by the Port Authority, the parties contemplated by their agreement that this grievance be submitted to arbitration. While we agree with respondent Port Authority that review of the departmental proceeding by an arbitrator in this matter gives rise to a cumbersome, even duplicative, proceeding, the parties, by their agreement, have charted their own procedural course and must be held to the terms thereof.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
*783 Order reversed, etc.